IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JEREMY KEE,<br><br>             Plaintiff,<br><br>vs.<br><br>SALT LAKE CITY, a political subdivision of the State of Utah, d/b/a the Salt Lake City Police Department; DET. CLARK E. COWLEY, in his individual and official capacity as a Salt Lake City police officer; DOE POLICE OFFICERS I-XX; JOHN DOES I-X,<br><br>             Defendants. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br><br>Case No. 2:06-CV-19-TC |

      Pool Hall Junkies is a pool hall, restaurant, and deli that has a Salt Lake City Class B retail license, allowing it to serve beer on the premises. Jeremy Kee is listed on Pool Hall Junkies' beer license renewal form, dated January 31, 2003, as one of two members of the LLC that owns Pool Hall Junkies and as a manager who routinely performs management or supervisory duties. He is also listed on Pool Hall Junkies' retail beer/liquor license application form dated October 16, 2003, as one of three people requesting a Class B beer license for Pool Hall Junkies.

      On December 31, 2003, Mr. Kee was charged with violating three Salt Lake City Code provisions: 6.12.040A, "Hours of Operation;" 6.12.090B, "Persons Under Twenty One Years of

Age: Licensee Responsibilities;" and 6.08.050E.2, "Class B Licenses." The charges came after Detective Clark Cowley and other Salt Lake City police officers uncovered underage and after-hours drinking at Pool Hall Junkies in October 2003.

The provisions Mr. Kee was charged with violating read in pertinent part as follows: "It is unlawful and shall constitute an offense of strict liability for any holder of a Class B . . . license, or any employee thereof to sell, dispose, give away or deliver beer, or any other alcoholic beverage, on the licensed premises between the hours of one o'clock (1:00) A.M. and ten o'clock (10:00) A.M. of any day." Salt Lake City Code § 6.12.040A. "It is unlawful and shall constitute an offense of strict liability for . . . [a]ny licensee of a class B restaurant, . . . or any operator, agent or employee of said licensee, . . . to hire, allow, or permit any person under twenty one (21) years of age to sell, serve, drink or possess beer or any other alcoholic beverage for consumption on or off the premises." Salt Lake City Code § 6.12.090B.2. "It is unlawful for any licensee, operator, manager, or any other person in charge of a restaurant holding a class B retail license to . . . [s]ell beer or liquor, if such establishment is licensed for such, other than in conjunction with the purchase of food menu items . . . ." Salt Lake City Code § 6.08.050E.2.

Relying on a theory of strict liability, Detective Cowley referred the case to the Salt Lake City Prosecutor's Office–Mr. Kee was not at Pool Hall Junkies during the violations and there is no evidence that he was directly involved in the violations. But the prosecutor, who never spoke with Detective Cowley, mistakenly filed an Information alleging that the violations occurred on the wrong date and at the wrong time and that Mr. Kee was onsite or involved in the violations, instead of alleging that he was strictly liable as a Class B licensee. On Mr. Kee's motion, the case was dismissed for lack of evidence. The prosecutor had not provided the court with

evidence sufficient to prove the allegations in the Information, or with any law enforcement or witness testimony.

Mr. Kee then brought this suit against Salt Lake City and against Detective Cowley. Mr. Kee claims that his constitutional rights to substantive due process, equal protection, and to be free from malicious prosecution were violated. He also claims that Salt Lake City and Detective Cowley's actions "constituted state torts of malicious prosecution, abuse of process, conspiracy tort, negligence, intentional and negligent infliction of emotional distress, and interference with a prospective economic advantage . . . ." (Complaint ¶ 34.)

On September 13, 2007, Salt Lake City and Detective Cowley filed a motion for summary judgment, which the court denied without prejudice because the issues were not adequately briefed. On December 4, 2009, Salt Lake City and Detective Cowley filed a second motion for summary judgment, which is now before the court.

## ANALYSIS

### Summary Judgment Standard

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Scott v. Harris, 550 U.S. 372, 380 (2007) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

### State Law Tort Claims

The Governmental Immunity Act of Utah requires that any person with a claim against a governmental entity, or against an employee for an act or omission occurring during the

performance of the employee's duties, within the scope of employment, or under color of authority, file a written notice of claim. See Utah Code Ann. 63G-7-402 (2008).[1] The notice of claim must meet certain requirements, including that the claim be signed and that it set forth the facts surrounding the claim, the nature of the claim asserted, and the damages incurred by the claimant. See Utah Code Ann. 63G-7-401 (2008).

Mr. Kee's unsigned affidavit says that Mr. Kee "delivered a written notice to the recorders office that [he] was filing a notice of claims against Detective Cowley for malicious prosecution." (Mem. in Opp. to Mot. For Summ. J., Ex. E, ¶ 13.) Even if Mr. Kee testified accordingly, there would be no evidence in the record that Mr. Kee had fully complied with the statutory requirements.[2] Aside from the above inadequate statement in his unsigned affidavit, Mr. Kee provides no evidence and makes no argument about why his state law tort claims should not be dismissed. Because Mr. Kee has not alleged compliance with the Governmental Immunity Act of Utah, the court grants summary judgment in favor of the defendants on Mr. Kee's state law tort claims.

**Salt Lake City's § 1983 Liability**

In Monell v. Department of Social Services of the City of New York, the Supreme Court held that "a municipality cannot be held liable *solely* because it employs a tortfeasor-or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." 436

---

[1] The court cites to the recently renumbered sections of the statute, which are substantively the same as the version in effect when Mr. Kee was required to have filed a notice of claim.

[2] Through the affidavit of Salt Lake City Risk Manager, Tim Rodriguez, Salt Lake City has presented evidence that it never received any notice of claim from Mr. Kee in this matter. (Mem. in Support of Mot. For Summ. J., Ex. P, ¶ 4.)

U.S. 658, 691 (1978). But a local government can be sued directly under § 1983 when the execution of government policy or custom is responsible for a deprivation of rights protected by the Constitution. Id. at 690-91.

In his complaint, Mr. Kee alleges that "[t]he actions of the Defendants DET. COWLEY and DOE OFFICERS resulted from, and were taken pursuant to a de facto policy of Salt Lake City Policy Department, which is implemented by police officers of the said Department who summarily violate the constitutional rights of individuals and punish persons who refuse or lack the ability to provide information to police officers . . . . The existence of the de facto policy . . . has been known to . . . the said city and department for a substantial period of time." (Complaint ¶¶ 25-26.)

The only evidence Mr. Kee provides to show that the Salt Lake City Police Department has an unconstitutional custom or policy, in addition to Detective Cowley's conduct,[3] is the City's admission in its interrogatory responses that it had not provided training to Detective Cowley on "the law of malicious prosecution" or on "charges against business investors/owners." (See Mem. in Opp. to Mot. For Summ. J., Ex. B, at 5.) On this evidence alone, no rational trier of fact could find that any constitutional violation was the result of a city policy or custom, as would be required for § 1983 liability. Further, as discussed below, no rational trier of fact could find that Mr. Kee's constitutional rights were violated.

**Malicious Prosecution**

"The Supreme Court has held that because malicious prosecution claims are Fourth

---

[3] A single action by a single "bad apple" employee who has no policymaking authority cannot establish municipal liability under § 1983. See City of Oklahoma City v. Tuttle, 471 U.S. 808, 821 (1985).

Amendment claims, a plaintiff must prove that he was . . . seized in order to prevail." Nielander v. Bd. of County Comm'rs of the County of Republic, Kansas, 582 F.3d 1155, 1164-65 (10th Cir. 2009) (citing Albright v. Oliver, 510 U.S. 266, 271 (1994)). Because Mr. Kee was not arrested or incarcerated, he was not seized. See id. at 1165; see also Becker v. Kroll, 494 F.3d 904, 915 (10th Cir. 2007) ("To extend liability in cases without a traditional seizure would expand the notion of seizure beyond recognition and fall into the trap carefully avoided by the Albright majority–every charging decision would support a § 1983 malicious prosecution-type claim no matter the context.").[4]

Further, "[t]o establish a malicious prosecution claim under § 1983, a plaintiff must prove that the defendant initiated or continued a proceeding against him without probable cause." Nielander, 582 F.3d at 1164. Detective Cowley had probable cause to initiate the proceeding against Mr. Kee because of the evidence that Mr. Kee was a Class B licensee and because the city ordinances at issue impose strict liability on licensees. Mr. Kee was listed on the October 16, 2003, Class B license application form submitted by the LLC that owns Pool Hall Junkies. By his own admission, Mr. Kee was a member of the LLC that filed that form. Additionally, Mr. Kee is listed on Pool Hall Junkies' beer license renewal form as a managing member.

Detective Cowley had probable cause to initiate the proceeding even if, as Mr. Kee alleges, there was some evidence that Mr. Kee was not required by city ordinance to be listed on

---

[4] Although the Becker court left open the possibility that some non-physical control might constitute a seizure under the Fourth Amendment (see Becker, 494 F. 3d at 916), Mr. Kee does not allege that he was subjected to any indicia of non-physical control.

the license applications.[5] Specifically, Mr. Kee alleges that he and his business partner told Detective Cowley that Mr. Kee was not involved in the management of Pool Hall Junkies and that he was only an 18% owner; and that a student who worked one shift at Pool Hall Junkies told Detective Cowley that she believed Mr. Kee was in the transportation business and not a manager of Pool Hall Junkies.

Further, even if Mr. Kee was actually a non-managing member of the LLC who owned only 18% of Pool Hall Junkies, i.e., even if Mr. Kee was not required by city ordinance to be listed on the license applications, and even if Mr. Kee did not consent to being listed in either form submitted to the city, and even if Detective Cowley "had an unfavorable opinion" of Mr. Kee and would not have referred the case to the Salt Lake City Prosecutor's Office but for that unfavorable opinion, Detective Cowley had probable cause to believe that Mr. Kee was a Class B licensee strictly liable for the ordinance violations with which he was charged.

That Mr. Kee was not seized and that Detective Cowley had probable cause to initiate the proceeding against Mr. Kee are independent bases for the court to grant summary judgment in the defendants' favor on Mr. Kee's malicious prosecution claim.

**Due Process /Abuse of Power**

"[T]he Due Process Clause was intended to prevent government officials from abusing their power, or employing it as an instrument of oppression." County of Sacramento v. Lewis, 523 U.S. 833, 846 (1998) (quotation omitted). A substantive due process violation is actionable under § 1983 where an abuse of executive power is so clearly unjustified by any legitimate

---

[5] Under Salt Lake City Code § 6.08.100, "[i]f the [Class B license] applicant is a limited liability company, the application shall state the names and addresses of all managers thereof and all members who have at least a twenty percent (20%) ownership interest therein."

objective of law enforcement as to be barred by the Fourteenth Amendment. See id. at 840. The Due Process Clause protects against the arbitrary exercise of executive action, but "only the most egregious official conduct can be said to be arbitrary in the constitutional sense." Id. at 846 (quotation omitted). In order to be arbitrary in the constitutional sense, the governmental action must be conduct that "shocks the conscience." Id.

Because it was reasonable for Detective Cowley to believe that Mr. Kee was legally responsible for Pool Hall Junkies' city code violations (see above), it does not shock the conscious that he initiated Mr. Kee's prosecution.

**Equal Protection**

Under the Equal Protection Clause, no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. "When the existence of a distinct class is demonstrated, and it is further shown that the laws, as written or as applied, single out that class for different treatment not based on some reasonable classification, the guarantees of the Constitution have been violated." Hernandez v. State of Tex., 347 U.S. 475, 478 (1954).

Although counsel writes in Mr. Kee's opposition brief that Mr. Kee is Native American (see Mem. in Opp. to Mot. For Summ. J., at 13) , the only evidence in the record regarding Mr. Kee's race are notations on the police reports that say he is "Caucasian/White" ((Mem. in Support of Mot. For Summ. J., Ex. A, at 3; Mem. in Support of Mot. For Summ. J., Ex. B, at 6). Further, there is no evidence in the record or argument in the briefing that Mr. Kee was singled out for prosecution because he is a member of a suspect class.[6]

---

[6] Because Mr. Kee has not made a "class of one" argument, the court does not consider it.

## **ORDER**

For the foregoing reasons, the defendants' motion for summary judgment is granted.

SO ORDERED this 19th day of April, 2010.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
Chief Judge